**XIA CHEN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 06–4721–ag.

United States Court of Appeals, Second Circuit.

May 15, 2007.

Liu Yu, New York, NY, pro se.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Morton J. Posner, Special Assistant United States Attorney, Alexandria, VA, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

#### SUMMARY ORDER

Petitioner Xia Chen, a native and citizen of China, seeks review of a September 25, 2006 order of the BIA affirming the April 29, 2005 decision of Immigration Judge ("IJ") William Van Wyke, denying petitioner's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re XIA Chen,* No. A97 329 593 (B.I.A. Sept. 25, 2006), *aff'g* No. A97 329 593 (Immig. Ct. N.Y. City Apr. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam).

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

We find that the testimonial and documentary inconsistencies and implausibilities relied upon by the IJ are supported by substantial evidence in the record. The IJ afforded Chen an opportunity to explain each of these discrepancies, and Chen failed to provide an explanation that a reasonable fact finder would be compelled to credit. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). When the IJ asked Chen to provide further detail about her knowledge and involvement with Falun Gong, Chen's responses were spare and lacking in detail. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003).

Based on Chen's vague testimony regarding the rudimentary practice of Falun Gong, the IJ properly probed for more details about Chen's interest in and relationship to Falun Gong in order to establish whether she was indeed a Falun Gong practitioner. *Cf. Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006).

Furthermore, the IJ was entitled to rely on Chen's airport statement, which reflects questions designed to elicit the details of her asylum claim, where, as here, there was no indication that there were translation difficulties or a reluctance to provide information to the immigration officials conducting the interview. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).

To the extent the IJ found Chen's testimony about her parents' arrest and her education inconsistent with her asylum application, the IJ's reliance on these inconsistencies was reasonable and supported by the record. Similarly, the IJ's conclusion that the details of Chen's story about her friend warning her about a possible arrest were implausible, was based on permissible inference, not bald speculation. *See Siewe v. Gonzales,* 480 F.3d 160, 167–68 (2d Cir.2007). Furthermore, to the extent the IJ placed emphasis on Chen's demeanor, we defer to the IJ's assessment. *See Majidi,* 430 F.3d at 81 n. 1. Although Chen argues that translation errors prejudiced her claim, that argument was not raised before the BIA and thus is not properly before us. *See Lin Zhong v. U.S. Dept. of Justice,* 480 F.3d 104, 123 (2d Cir.2007). Accordingly, we deny her petition for review of the IJ's denial of her application for asylum.

Since the only evidence of a threat to Chen's life or freedom was Chen's testimony, which the IJ properly found not to be credible, Chen's claim for withholding of removal necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

In addition, the IJ reasonably denied Chen's CAT claim on those grounds. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.